

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. C. Neaves
County Auditor
Grayson County
Sherman, Texas

Overruled by *0-6908*
*use as far as it conflicts*

Dear Sir:

Opinion No. 0-6782

Re: Will House Bill No. 80, 49th
Legislature, preclude the
retention of fees collected
by a tax assessor-collector
or deputy in his capacity as
notary public? And related
questions.

Your recent request for our opinion on the above stated
matter reads as follows:

"What is the present status of a Tax Assessor-
Collector and his deputies who are duly qualified
notaries public in regard to collecting notary fees
for affidavits required by the various forms of the
State Highway Department, such as, weight affidavits,
farm registrations, replacement plate affidavits,
affidavits required by Section 33 of the Certificate
of Title Act, and for fees collected for furnishing
list of automobile registrations, lists of voters,
etc., and retaining such fees personally, since the
effective date of H. B. No. 80, passed by the 49th
Legislature, Regular Session, 1945?

"The above H. B. No. 80, provides in part as
follows:

"Section 1. If any officer of this State or of
any county or of any municipality shall knowingly
use or permit to be used for private profit to him-
self other than to the State, county, or municipality,
any property, supplies, equipment, or other thing of
value belonging to the State or to any county or
municipality, he shall be punished by fine of not
more than One Thousand Dollars ($1,000) or by

807

Hon. R. C. Reaves, page 2

imprisonment in the County Jail for not more than
two (2) years or by both such fine and imprisonment.

"Sec. 2. If any officer of any county or of
any municipality shall knowingly use or knowingly
permit to be used for private profit to himself the
labor or service of any person whose labor or service
is paid for by such county, he shall be punished by
fine of not more than One Thousand Dollars ($1,000)
or by imprisonment in the County Jail for not more
than two (2) years or by both such fine and im-
prisonment.

"Sec. 3. If any person appointed or employed by
any officer of any county or by the Commissioners
Court of any county, or by any officer or any person
appointed or employed by any municipality, or any
person engaged in performing any business of any
county or by any municipality however employed, shall
knowingly use or knowingly permit to be used for
private profit to himself any property, supplies,
equipment, or other thing of value belonging to such
county or to such municipality, he shall be punished
by a fine of not more than One Thousand Dollars
($1,000) or by imprisonment in the County Jail for
not more than two (2) years or by both such fine and
imprisonment.

"Sec. 4. If any person appointed or employed
by any officer of any county or by any officer of any
municipality or any person engaged in performing any
business of any county or of any municipality however
employed, shall knowingly use or knowingly permit to
be used for private profit to himself the labor or
service of any person whose labor or service is paid
for by such county or by such municipality, he shall
be punished by a fine of not more than One Thousand
Dollars ($1,000) or by imprisonment in the County
Jail for not more than two (2) years or by both such
fine and imprisonment.

"In other words, would the official or deputies
be liable to the penalty provided by H. B. No. 80,
when such official or deputies collect such fees and
retain them personally, where such official or deputies
are paid on a full time basis for their labor and ser-
vices by the county?"

Hon. R. C. Reaves, page 3

House Bill No. 80, referred to by you, makes it a penal offense for any officer of this State or of any county to knowingly use or permit to be used, <u>for private profit to himself</u>, any property, supplies, equipment or other thing of value . . . belonging to such state or county, or knowingly use or knowingly permit to be used, <u>for private profit to himself</u>, the labor or service of any person whose labor or service is paid for by such county. Such bill likewise makes it a penal offense for any person appointed or employed by an officer of any county or by the commissioners' court of any county or by any person engaged in performing any business of any county however employed, to knowingly use or knowingly permit to be used, <u>for private profit to himself</u>, any property, supplies, equipment or other thing of value belonging to such county, and likewise to use or permit to be used the labor or service of any person whose labor or service is paid for by such county.

Also, we call to your attention the following provision of Article 7246a, Vernon's Annotated Civil Statutes, which is applicable to counties having a population of less than 500,000 inhabitants according to the last Federal Census:

"The Assessor and Collector of Taxes, Sheriff or Sheriff and Assessor and Collector of Taxes are hereby authorized and empowered to administer all oaths necessary for the discharge of the duties of their respective offices and to administer all oaths required for the transaction of the business of their respective offices. . . ."

In connection with the above quoted statute, we point out that in Opinion No. O-5577, addressed to you, this department held that affidavits required under the special provisions of Section 33 of the Certificate of Title Act, must be taken by a notary public. The opinion further pointed out that the Tax Assessor-Collector or deputies of Grayson County, acting only in their official capacities were not authorized to take the affidavit required by Section 33 of the Certificate of Title Act, for the reason that the particular provisions of Section 33 make the affidavit required therein an exception to the general rules governing affidavits of the type covered by the above quoted portion of Article 7246a, which is applicable to counties having a population of less than 500,000 inhabitants.

Hon. R. C. Neaves, page 4

In Opinion No. O-33, this department held that a tax assessor-collector and his deputies were not prohibited by law from holding the office of notary public while holding their offices of tax assessor-collector or as deputies of such office. The enactment of the penal provisions of H. B. No. 80, quoted in your letter, does not affect the powers and authority of the tax assessor-collector or his deputies as presently or heretofore permitted by the Constitution and laws of this State. You stated in your letter the Tax Assessor-Collector and his deputies were notaries public. In view of the foregoing, it is our opinion that said Tax Assessor-Collector or his deputies would be authorized to take the affidavits required by Section 33 of the Certificate of Title Act in the capacity of notary public, but not in the official capacity of tax assessor-collector or deputy. Although the tax assessor-collector must account for all fees collected in his "official capacity" (Harris v. Hall, 172 S. W. (2d) 691), it is our opinion that H. B. No. 80, supra, does not preclude the retention of fees collected in his capacity as a notary public, provided such service as a notary does not interfere with the orderly discharge of the regular and legally authorized functions of the tax assessor-collector or deputies in their official capacities. If, however, the performance of such services as a notary resulted in the use of supplies, equipment or anything of value belonging to the county, and interfered with the regular discharge of the labor or services paid for by the county and such notary fees were retained by said tax assessor-collector or deputies, it is our opinion that such act or acts would be in violation of the provisions of H. B. No. 80.

On the other hand, when the tax assessor-collector or his deputies perform duties such as taking and certifying to affidavits pertaining to vehicle weights, farm registration or replacement plate affidavits and similar services relative to automobile registration, it is our opinion that such services are of the type contemplated by Article 7246a, supra, and that when said officials take such affidavits they are performing "official duties" authorized by law. It is our further opinion that when a tax assessor-collector, or his deputy, takes and certifies to an affidavit incident to the

registration of motor vehicles, and when said affidavit is of the character which said officer is authorized to take and certify to under the above quoted provisions of Article 7246a, such officer should take and certify to same in his "official" capacity as tax assessor-collector or deputy, and not in the capacity of notary public. Also, we point out that if any fee should be collected by said assessor-collector or his deputy when performing a service that is "official" in nature, such fee must be accounted for as a fee of office. (Nueces County v. Currington, 139 Tex. 297, 162 S. W. (2d) 687) With reference to counties having a population of less than 500,000, we are unable to find any statutory provision authorizing the tax assessor-collector, or his deputy, to charge any fee for taking and certifying to affidavits of the character which he is authorized to take under the above quoted provisions of Article 7246a. It is generally recognized that unless a fee is prescribed by statute for "official" services, none may be charged therefor. It is therefore our opinion that in a county having a population of less than 500,000, the tax assessor-collector, or his deputy, is not authorized to charge any fee for taking and certifying to affidavits incident to the registration of motor vehicles, when such affidavits are of the character which said official is authorized to take under the above quoted portion of Article 7246a.

As to the preparation of lists of automobile owners and poll lists, we know of no constitutional or statutory provision with reference to the preparation of such lists other than those requirements with reference to filing certain official lists or information with certain designated public officials. We know of no provision making it an official function of the tax assessor-collector or his deputies to prepare such lists for the purpose of general or private distribution; neither do we find any fee or charge prescribed by statute in connection therewith. It is therefore our opinion that when, in connection with the preparation of lists of the type mentioned above, the tax assessor-collector or his deputies knowingly use or permit the use of any equipment, supplies or anything of value belonging to the county, or knowingly use or permit to be used the labor or service of any person when such labor or service is paid for by the county, for the private profit of the tax assessor-collector or his deputies, such act or acts would be in violation of the provisions of P. S. No. 80.

Hon. R. C. Neaves, page 6

We trust that the above and foregoing satisfactorily answers your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:LJ

APPROVED OCT 11, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

